UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 5:25-CR-39-RWS-JBB |
| | § | |
| ROBERT WOOLDRIDGE (1) | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On February 12, 2026, the Court held a hearing on the Government's Petition for Warrant or Summons for Offender Under Supervision. Dkt. No. 2. The Government was represented by Assistant United States Attorney Lauren Richards. Defendant was represented by Hailee Amox.

## BACKGROUND

Robert Wooldridge ("Defendant") was sentenced on May 7, 2025, before The Honorable Brian S. Miller of the Eastern District of Arkansas after pleading guilty to the offense of Felon in Possession of a Firearm and Ammunition, a Class C Felony. This offense carried a statutory maximum imprisonment term of 15 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of III, was 15 to 21 months. Defendant was subsequently sentenced to time served and 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include substance abuse treatment and testing. On May 7, 2025, Defendant completed his term of imprisonment and began service of the supervision term. On November 25, 2025, jurisdiction of this case was transferred from the Eastern District of Arkansas to the Eastern District of Texas.

## PETITION TO REVOKE

In its Petition for Warrant or Summons for Offender Under Supervision (Dkt. No. 2), the Government alleges Defendant violated the following conditions:

1

1) **Defendant must not commit another federal, state, or local crime.** Specifically, the Government alleges that, on December 25, 2025, Defendant committed the offense of Criminal Damage to Property in Caddo Parish, Louisiana, when he slashed vehicle tires belonging to victim, Angel Waters.

2) **Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** Specifically, the Government alleges that, on June 11, 2025, Defendant admitted to using hydrocodone without a prescription on June 9, 2025. On August 12, 2025, Defendant submitted a urine specimen that tested positive for marijuana and methamphetamine. Lab results confirmed the specimen as positive for both drugs. Defendant only admitted to using marijuana. On November 13, 2025, Defendant submitted a urine specimen that tested positive for marijuana and methamphetamine. Lab results confirmed the specimen as positive for both drugs.

3) **Defendant must not knowingly leave the federal judicial district where Defendant is authorized to reside without first getting permission from the court of the probation officer.** Specifically, the Government alleges that, in July 2025 and on December 25, 2025, Defendant traveled to Louisiana without permission from the court or the probation officer.

4) **Defendant must not communicate or interact with someone Defendant knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.** Specifically, the Government alleges, on August 9, 2025, Defendant interacted with individuals who were in possession of and using marijuana. Defendant admitted to using marijuana with these individuals. On November 9, 2025, Defendant

interacted with an individual who was in possession of and using methamphetamine. Defendant admitted to using marijuana and methamphetamine with this individual.

5) **Defendant must participate in a substance abuse treatment program under the guidance and supervision of the probation officer. The program may include drug and alcohol testing, outpatient counseling, and residential treatment. Defendant must abstain from the use of alcohol during treatment. Defendant must pay the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. If Defendant is financially unable to pay the cost of treatment, the co-pay requirement will be waived.** Specifically, the Government alleges that, on August 12, 2025, Defendant failed to attend a substance abuse treatment session with Scales Forensic Counseling.

## RECOMMENDATION

The Court scheduled a final revocation hearing February 12, 2026. At the hearing, the Court reviewed the alleged violations of the above conditions with Defendant. Consenting to the undersigned's taking the plea, Defendant admitted as true the allegations contained in the petition.

Based upon Defendant's plea of true, the Court finds Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition. Counsel announced the parties had agreed upon the sentence to be imposed. The Court, having considered the agreement as well as the applicable U.S. Sentencing Commission Guidelines, agreed with the parties' proposed sentence and recommended sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with no term of supervised release to follow.

The Court further recommends the Court request the Bureau of Prisons designate FCI Texarkana for service of sentence. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations set forth above in the petition be **ACCEPTED**.  It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**.  It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with no term of supervised release to follow, with FCI Texarkana as the place of confinement.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak on his own behalf, and to have counsel speak on his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

SIGNED this the 13th day of February, 2026.

_____

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE